# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

In re:  Case No. 2:22-bk-00340-FMD
        Chapter 11
MEGA-PHILADELPHIA LLC, and  Jointly Administered
M.S. ACQUISITIONS & HOLDINGS, LLC,  Case No. 2:22-bk-00341-FMD

    Debtors.
_____/

## FIRST COMMONWEALTH BANK'S OBJECTION TO DEBTORS' MOTION TO COMPROMISE CONTROVERSY AND TO COMPEL ENFORCEMENT WITH FIRST COMMONWEALTH BANK

Creditor, First Commonwealth Bank, successor by merger to Centric Bank, hereby files this objection to the Debtors, Mega-Philadelphia and M.S. Acquisitions & Holdings, LLC's, Motion to Approve Compromise [of] Controversy and to Compel Enforcement of Settlement with First Commonwealth Bank (f/k/a/ Centric Bank) [DE # 292] (the "Motion") and states:

1. First Commonwealth Bank ("FCB") holds a secured claim against Mega-Philadelphia in the amount of $787,257.47 secured by a blanket lien on all the assets of Mega-Philadelphia. Part of the amounts owed involve obligations to the Small Business Administration ("SBA") and are subject to special rules regarding SBA loans including mandated approval processes that must be followed in order to compromise any loan involving the SBA.

2. FCB holds a secured claim against M.S. Acquisitions & Holdings, LLC (MSA&H") in the amount of $5,768,904.88 secured by a blanket lien on all the assets of MSA&H. Just as in the case of Mega-Philadelphia, part of the amounts owed by MSA&H involve a guarantee of the obligations of Mega-Philadelphia to the SBA which again involve mandated approval processes with the SBA in order to compromise the guarantee obligation.

3. First and foremost, the Debtors assert that they have the right to treat FCB's claims

1

as proposed because of a Mediated Settlement Term Sheet Agreement dated September 1, 2023, signed only by the attorney representing FCB's predecessor, Centric Bank. The enforceability of this "term sheet" agreement is questionable as it contemplates the execution of a "comprehensive settlement agreement" which was never drafted or executed. Even if the "term sheet" is enforceable, it expressly states in Paragraph 2 "[t]o the extent necessary, SBA approval is a condition precedent," The Debtors boldly assert without any authority from the SBA or otherwise that SBA approval is not necessary. Nothing could be further from the truth.

4. The loans involved with Mega Philadelphia and MSA&H are controlled under the Section 7(a) program of the SBA and as such, any agreement to pay less than the outstanding principal owed <u>requires</u> the SBA's prior written approval. These approvals are yet to be obtained. Addressing strikingly similar circumstances involving settlement discussions between a debtor and a credit union enforcing a Section 7(a) loan, Judge Colton in *In re Mateos*, 2023 Bankr. LEXIS 1883 (8:23-bk-01644-RCT) (Bankr. M.D. Fla. July 28, 2023) found it was appropriate to extend the time for the debtors in that case to be allowed to file their Subchapter V plan as the SBA approvals were mandated and outside the debtor's control.

5. Furthermore, SBA's prior written approval is required before a lender compromises the principal balance of an SBA loan. (13 C.F.R § 120.536(a)(3)). Therefore, if a proposed bankruptcy plan calls for the reduction of the principal loan balance, the Lender handling the litigation must obtain SBA's written approval which is again why this condition precedent was placed in the term sheet.

6. Here, the Debtors simply cannot by fiat declare SBA approval not necessary when applicable law is to the contrary. Thus, as recognized by Judge Colton, the term sheet is unenforceable until SBA approval is provided. As an aside, offer in compromise packages have been

submitted by the Debtors and non-debtor parties to the SBA, but the SBA denied the offer in compromise. There are no current proposals on the table.

7. The Debtor, in a misguided attempt to assert that SBA approval of the term sheet is "unnecessary" points to the SBA's apparent unwillingness to participate in the mediation conference from which the term sheet emanated. The SBA did not need to attend the mediation conference in order to enforce the requirement of approval through its Section 7(a) lending institution, Centric Bank. That was the duty of Centric Bank to seek such approval and the exact reason for the condition precedent found in Paragraph 2 of the term sheet.

8. Furthermore, the Debtors assertion that they were not advised that SBA approval would be required "until the waning minutes of the mediation" belies the fact that it appears in the term sheet and violates the confidentiality of mediation proceedings. Such allegations should be stricken on that basis. The Debtors go on to assert how the SBA approval requirement was placed in the term sheet which again violates the confidentiality of mediation proceedings and should be stricken.

9. The Debtors go on to talk about the SBA approval process in confirming that SBA approval was NOT obtained by virtue of the SBA OIC (offer in compromise) rejection and take issue with the SBA's reasoning for not approving the settlement. Thus, the Debtors' reasoning for arguing that SBA approval is not required becomes evident because SBA approval was sought and denied. Thus, the Debtors' only argument at this point is to argue with the plain wording of the term sheet and assert that such approval was not required despite the fact that it was sought out and denied.

WHEREFORE, for all the foregoing reasons, FCB respectfully requests the Court deny the Motion and grant such further relief as this Court deems just and appropriate.

Respectfully submitted,

*/s/ Dana Kaplan*
Dana Kaplan, Esquire
Fla. Bar No. 44315
Kelley Kaplan & Eller, PLLC
1665 Palm Beach Lakes Blvd.
Suite 1000
West Palm Beach, Florida 33401
Phone (561) 491-1200
dana@kelleylawoffice.com
bankruptcy@kelleylawoffice.com

## Certificate of Service

A true and correct copy of the foregoing has been sent by CM/ECF or U.S. Mail to the parties below this 13th day of March, 2024.

KELLEY KAPLAN & ELLER, PLLC
Attorneys for CFB
1665 Palm Beach Lakes Blvd.
The Forum - Suite 1000
West Palm Beach, Florida 33401
Tel: (561) 491-1200
bankruptcy@kelleylawoffice.com

By: /s/ Dana Kaplan
Dana Kaplan, Esquire
Fla. Bar No. 44315

**Mailing Information for Case 2:22-bk-00340-FMD**

**Electronic Mail Notice List**

- **Phillip D Berger**    berger@bergerlawpc.com
- **Christopher J Emden**    christopher.emden@usdoj.gov, renee.erhardt@usdoj.gov;Beverly.lanier@usdoj.gov;CaseView.ecf@usdoj.gov
- **Anthony F. Giuliano**    afg@glpcny.com
- **Brian P Hall**    bhall@sgrlaw.com
- **Benjamin E. Lambers**    Ben.E.Lambers@usdoj.gov
- **Brett D Lieberman**    brett@elrolaw.com, brett@elrolaw.com;tisha@elrolaw.com;mike@elrolaw.com
- **Amy Denton Mayer**    amayer.ecf@subvtrustee.com, amayer@subvtrustee.com;cadh11@trustesolutions.net

4

- **Ronald G Neiwirth**     rgn@lubellrosen.com, rneiwirth@gmail.com;maria@lubellrosen.com
- **United States Trustee - FTM**     USTPRegion21.TP.ECF@USDOJ.GOV

**Manual Notice List**

**Brett Dubin**
Citrin Cooperman Advisors LLC
1800 JFK Boulevard
Philadelphia, PA 19103
**Anthony T Lepore**
Radiotvlaw Associates, LLC
4101 Albemarle Street NW, Suite 324
Washington, DC 20016-2151

**Roger H. Rafson**
CMS Station Brokerage
1439 Denniston Street
Pittsburgh, PA 15217

**Centric Bank n/k/a First Commonwealth Bank, successor by merger to Centric Bank**
4320 Linglestown Road
Harrisburg, PA 17112

**First Commonwealth Bank, successor by merger to Centric Bank**
c/o David Hepler
654 Philadelphia Street
Indiana, PA 15701